UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JERROD A. WILSON                          CIVIL ACTION

VERSUS                                    NO: 07-7157

B. BECKER, ET AL.                         SECTION: R(2)


**ORDER AND REASONS**

Before the Court is plaintiff Jerrod A. Wilson's appeal of the magistrate judge's November 5, 2007 Order and Reasons denying plaintiff's application to proceed *in forma pauperis* on his § 1983 action. For the following reasons, the Court AFFIRMS the magistrate judge's order.


**I.    BACKGROUND**

Plaintiff Jerrod A. Wilson is currently incarcerated at the Louisiana State Penitentiary in Angola. On October 15, 2007, he filed an application under 28 U.S.C. § 1915 to proceed *in forma pauperis* on a claim under 42 U.S.C. § 1983 against prison

personnel. In his IFP application and complaint, Wilson variously alleges that on September 24, 2007 defendants denied him adequate medical care and treatment for injuries to his ankles, that defendants threatened that plaintiff would be "cremated" if he questioned the manner in which prison personnel fulfilled their job duties, and that defendants confiscated personal legal documents during a search of his cell.

Determination of Wilson's pauper status was referred automatically to the magistrate judge under Local Rule 72.1E(B)(1) and 28 U.S.C. § 636(b). The magistrate judge denied plaintiff's application to proceed as a pauper pursuant to 28 U.S.C. § 1915(g) in an Order and Reasons dated November 5, 2007. Section 1915(g) precludes a prisoner from proceeding *in forma pauperis* if he has, "on [three] or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." The magistrate judge found that plaintiff has filed at least five cases in the Middle and Western Districts of Louisiana that were dismissed as

frivolous and/or for failure to state a claim.[1] The magistrate judge further concluded that plaintiff failed to show that he was in imminent danger of serious physical injury.

Plaintiff does not contest the magistrate judge's finding that he has filed at least three prior complaints that were dismissed as frivolous and/or for failure to state a claim. Indeed, he acknowledges in his appeal and in his complaint that he previously filed at least three cases that were dismissed for these reasons.[2] Instead, he essentially argues that the magistrate judge erred in finding that plaintiff is not in imminent danger of serious physical injury and thus the prohibition of 28 U.S.C. § 1915(g) does not apply to him.

## II. LEGAL STANDARD

There is some disagreement among courts over whether a magistrate judge's ruling on an IFP application should be treated as a ruling on a non-dispositive pre-trial matter under 28 U.S.C. § 636(b)(1)(A) and reviewed for clear error or treated as a report and recommendation prepared under 28 U.S.C. § 636(b)(1)(B)

---

[1] *See* Magistrate's Order and Reasons Nov. 5, 2007, R. Doc. 2 at 2.

[2] *See* Pl.'s Mem. Supp., R. Doc. 3 at 2-3; Pl.'s Cmplt., R. Doc. 1-3 at 3.

3

and thus reviewed de novo. *Compare Poche v. Butler*, Civ. A. No. 07-3506, 2007 WL 2695350, at *1, *1 n.1 (E.D. La. Sept. 11, 2007) (reviewing magistrate's ruling for clear error); *Seaberry v. Stadler*, Civ. A. No. 05-1960, 2006 WL 1635707, at *1 (reviewing for clear error and emphasizing that magistrate judge's ruling on IFP application is not a recommendation but an order); *Harmon v. U.S. Court of Appeals for the Fifth Circuit*, Civ. A. No. 96-1990, 1996 WL 435463, at *1 (E.D. La. Aug. 1, 1996) (concluding that a magistrate judge may issue an order on an IFP application under 28 U.S.C. § 636(b)(1)(A) instead of a report and recommendation), *with Lee v. Tex. Dep't of Public Safety*, No. Civ. A. 4:04-CV-606-A, at *1 n.1 (N.D. Tex. Jan. 26, 2005) (treating ruling as report and recommendation); *Rowe v. Mental Health Mental Retardation*, No. Civ. A. 404CV193A, at *1 n.1 (N.D. Tex. Sept. 2, 2004) (same).

The confusion stems, in part, from the Fifth Circuit's decision in *Donaldson v. Ducote*, 373 F.3d 622 (5th Cir. 2004), in which the court addressed *sua sponte* the issue of whether a magistrate judge has authority to enter a final, appealable order on a § 1983 plaintiff's application to proceed *in forma pauperis* on appeal. The court explained that when parties to a case do not consent to proceed before a magistrate judge under 28 U.S.C. § 636(c), then a magistrate judge is not authorized to enter a

4

final judgment that is directly appealable to the circuit court of appeals. *Id.* at 624 (citing *Trufant v. Autocon, Inc.*, 729 F.2d 308, 309 (5th Cir. 1984)). In *Donaldson*, the district court adopted the magistrate judge's report and recommendation and dismissed plaintiff's § 1983 complaint as frivolous and for failure to state a claim. The plaintiff then filed a notice of appeal and a motion to proceed as a pauper on appeal. Based on the district court's dismissal of plaintiff's complaint, the magistrate judge concluded that plaintiff's appeal was not taken in good faith and denied his IFP application. *See id.* at 624. The magistrate judge advised plaintiff that he "could 'challenge' the certification by filing a motion to proceed IFP 'with the Clerk of the Court for the United States Court of Appeals for the Fifth Circuit.'" *Id.* at 625 n.2. Plaintiff then appealed the magistrate judge's denial of his IFP application directly to the Fifth Circuit; he did not seek review of the magistrate judge's decision before the district court. Because the plaintiff had not consented to the authority of the magistrate judge and the district court had not meaningfully reviewed the magistrate judge's certification order, the Fifth Circuit concluded that plaintiff's appeal was "premature" and remanded the case to the district court for the limited purpose of reviewing the magistrate judge's certification that plaintiff's appeal was not

5

taken in good faith. *Id.* at 625. Although the court did not squarely address the issue of whether the magistrate judge's ruling on plaintiff's IFP application was under 28 U.S.C. § 636(b)(1)(A) or § 636(b)(1)(B), it observed that a party "dissatisfied with a magistrate judge's findings and recommendations may [ ] may obtain relief by objecting to the magistrate judge's findings and recommendations, thereby compelling the district court to review his objections *de novo*." *Donaldson*, 373 F.3d at 624.

Some courts have reasoned that the denial of an IFP application is equivalent to a voluntary dismissal and thus, without the consent of the applicant, a magistrate judge may only prepare a report and recommendation under 28 U.S.C. § 636(b)(1)(B). *See, e.g., Woods v. Dahlberg*, 894 F.2d 187, 188 (6th Cir. 1990); *Lister v. Dep't of the Treasury*, 408 F.3d 1309, 1312 (10th Cir. 2005); *Steffens v. American Express*, C/A No. 6:07-cv-01807-GRA, 2007 WL 2350984, at *1, *2 (D. S.C. Aug. 14, 2007) (citing *Donaldson*, 373 F.3d 623-25). Other courts, however, have viewed denials of IFP applications as non-dispositive because they do not bar a plaintiff from proceeding by other means. *See, e.g., Poche*, 2007 WL 2695350, at *1 n.1.

It is unnecessary to resolve the conflict over the appropriate standard of review at this time. In *Donaldson*, the

6

magistrate judge's ruling was not reviewed at all by the district court. Here, plaintiff seeks review by the district court. Moreover, under either standard of review — clear error or *de novo* — the Court finds that plaintiff's application is devoid of merit.

**III. DISCUSSION**

Under 28 U.S.C. § 1915(g), a prisoner is barred from brining a civil action as a pauper if he has, on three of more prior occasions while in prison, brought an action or appeal in federal court that was dismissed on the grounds that it is was frivolous, malicious, or failed to state claim. This so-called "three strikes" rule, however, does not apply if the prisoner "is under imminent danger of serious physical injury." *Id.* Here, there is no dispute that Wilson, while incarcerated, previously filed at least three civil complaints that were dismissed as frivolous and/or for failure to state a claim. As noted, *supra*, he acknowledges in his complaint that he brought the following three actions in the Middle District of Louisiana that were dismissed as such: *Jerrod Wilson v. Jody Dauzat*, Civ. A. No. 00-827 (M.D. La.) (R. Doc. 85); *Jerrod Wilson v. Burl Cain*, Civ. A. No. 01-59 (M.D. La.) (R. Doc. 7); *Jerrod Wilson v. Dora Rabalais*, Civ. A. No. 01-33 (M.D. La.) (R. Doc. 6). In addition, as the magistrate

judge identified, Wilson filed two other cases that were dismissed as either frivolous and/or for failure to state a claim, bringing his total to at least five. *See also Jerrod Wilson v. Dr. Shaheen*, Civ. A. No. 97-292 (W.D. La.) (R. Doc. 8); *Jerrod Wilson v. Mark Firiman*, Civ. A. No. 00-944 (M.D. La.) (R. Docs. 53, 50). In addition, the Middle District of Louisiana has previously denied one of Wilson's IFP applications under § 1915(g).[3] Wilson habitually files lawsuits against prison personnel that are dismissed as frivolous. Accordingly, the magistrate judge correctly determined that the three strikes rule of § 1915(g) bars him from proceeding as a pauper in any further civil actions.

Further, Wilson has failed to show that he is in imminent danger of serious physical injury. Thus, he cannot escape the preclusive effect of § 1915(g) on his IFP application. The Fifth Circuit has instructed that in order to determine whether a prisoner is in imminent danger sufficient to trigger the exception to § 1915(g), courts must assess "if danger *exists at the time the plaintiff seeks to file his complaint or notice of appeal IFP*." *Baños v. O'Guinn*, 144 F.3d 883, 885 (5th Cir. 1998) (emphasis in original). *See also Choyce v. Dominguez*, 160 F.3d

---

[3] *See Wilson v. Dauzat,* Civ. A. No. 00-827 (M.D. La.) (R. Doc. 97.

8

1068, 1070 (5th Cir. 1998). In *Baños*, the plaintiff-prisoner alleged that he had a verbal altercation with correctional officers, who then used force to conduct a body cavity search. Two months later, he filed a claim against prison personnel and an IFP application. *Id.* at 884. The court concluded that Baños failed to show that he was in imminent danger at the time he filed his complaint and IFP application. A similar situation exists here. Accepting Wilson's allegations against prison personnel as true, he has not alleged that he was in imminent danger of serious physical harm at the time he filed his complaint. Accordingly, the magistrate judge correctly determined that Wilson failed to show that he is in imminent danger and that the exception to the three-strikes rule in § 1915(g) does not apply.

## III. CONCLUSION

For the foregoing reasons, the Court AFFIRMS the magistrate judge's denial of plaintiff's application to proceed *in forma pauperis* in this action.

9

New Orleans, Louisiana, this __4th__ day of January, 2008.

_____
                    SARAH S. VANCE
         UNITED STATES DISTRICT JUDGE